[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steinle v. Dewey,* Slip Opinion No. 2016-Ohio-5549.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5549

THE STATE EX REL. STEINLE, APPELLANT, *v.* DEWEY, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Steinle v. Dewey,* Slip Opinion No. 2016-Ohio-5549.]**

*Mandamus—Civ.R. 56(D)—Extent of trial court's duty to issue findings of fact when denying motion for summary judgment in part—Mandamus is not a substitute for an appeal—Court of appeals' dismissal of complaint affirmed.*

(No. 2015-1533—Submitted April 5, 2016—Decided August 30, 2016.)

APPEAL from the Court of Appeals for Sandusky County,

No. S-15-016, 2015-Ohio-3618.

_____

**Per Curiam.**

{¶ 1} We affirm the Sixth District Court of Appeals' dismissal of the complaint for a writ of mandamus filed by relator-appellant, Garrette P. Steinle. Steinle filed the action seeking an order directing respondent-appellee, Judge John P. Dewey, to issue findings of fact regarding the ownership of various assets in

Steinle's divorce case. The court of appeals granted Judge Dewey's motion to dismiss, and Steinle has appealed.

{¶ 2} Because the lower court correctly dismissed the complaint in this case, we affirm.

*Facts*

{¶ 3} Julie Steinle filed a complaint for divorce against Garrette Steinle in April 2011, and the case was assigned to Judge Dewey. In July 2013 and July and August 2014, Garrette Steinle filed three motions for partial summary judgment. Julie Steinle filed a response in November 2014. The motions dealt with various assets at issue in the divorce; Garrette Steinle asserted that certain assets were clearly fully marital property, certain assets were fully separate property, and certain assets were commingled property. In her response, Julie Steinle agreed with some of the classifications and disagreed with others, but she did not support her response with an affidavit or any other evidentiary material under Civ.R. 56(C) and (E).

{¶ 4} On November 18, 2014, Judge Dewey issued a ruling on the motions, granting them in part. He denied the motions as to the premarital interest in a home, a bank account, and some business assets, noting that the business assets needed to be appraised first. Garrette Steinle filed a motion for findings of fact in January 2015. He requested that Judge Dewey either find that all of the facts he had asserted in the motions were uncontroverted or provide a list of those facts that Judge Dewey found to be in dispute.

{¶ 5} Judge Dewey issued an entry in March 2015 denying Garrette Steinle's motion, stating that under Civ.R. 56(D), it was "not practicable" to find the 138 averments offered by Garrette Steinle to be uncontroverted facts and suggesting that Garrette Steinle should submit the averments to Julie Steinle's counsel as a request for admissions.

**{¶ 6}** Garrette Steinle filed this action in mandamus in the Sixth District in May 2015, requesting an order directing Judge Dewey to issue findings of fact. The court of appeals granted Judge Dewey's motion to dismiss in September 2015, and Garrette Steinle appealed.

*Analysis*

**{¶ 7}** To be entitled to a writ of mandamus, Steinle must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Dewey to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Steinle must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 8}** Steinle's main argument is that Judge Dewey failed to follow Civ.R. 56(D) in not issuing findings of fact in the underlying divorce case. That rule states:

> If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and *shall if practicable*, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon *make an order on its journal specifying the facts that are without controversy*, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(Emphasis added.) The court of appeals concluded that the original action was an attempt by Steinle to appeal Judge Dewey's denial of his motion for findings of fact, and the court of appeals dismissed Steinle's complaint, reasoning that mandamus is not a substitute for an appeal.

{¶ 9} Steinle argues that the court of appeals, contrary to the standard for resolving motions to dismiss under Civ.R. 12(B)(6), construed the facts in the complaint in Judge Dewey's favor instead of in his favor. He also asserts that he has a legal right to findings of fact and that the court of appeals essentially rendered a determination on the merits instead of applying the Civ.R. 12(B)(6) standard.

{¶ 10} Judge Dewey argues in response that the court of appeals properly dismissed the complaint and that Steinle has not shown a legal right to the requested relief. We agree with the court of appeals that appellant's mandamus action is in essence an impermissible attempt to appeal Judge Dewey's denial of the motion for findings of fact and that appellant can prove no set of facts entitling him to relief. Moreover, because Civ.R. 56(D) requires findings of fact only "if practicable," Steinle cannot establish a "clear legal right" to the requested findings of fact in this situation.

{¶ 11} The court of appeals correctly granted Judge Dewey's motion to dismiss.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Albrechta & Coble, Ltd., Joseph F. Albrechta, John A. Coble, and George J. Schrader, for appellant.

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

_____