[Cite as *State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 2021-Ohio-923.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Dana Cartwright, | : | |
| Relator, | : | |
| v. | : | No. 20AP-62 |
| Ohio Adult Parole Board, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on March 23, 2021

**On brief:** *Dana Cartwright*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} In this original action, relator, Dana Cartwright, requests a writ of mandamus ordering respondent, Ohio Adult Parole Revocation Hearing Committee, a subdivision of Ohio Department of Rehabilitation and Correction ("respondent"), to vacate the results of a previous parole revocation hearing that resulted in revocation of parole for relator and to grant him a new revocation. In the alternative, relator requests a writ ordering respondent to place relator back on parole under the conditions governing his status prior to revocation. Respondent filed a motion to dismiss for: (1) failure to state a claim, and (2) failure to comply with inmate procedural filing requirements under R.C. 2969.25(C).

{¶ 2} Relator made two claims for relief in his complaint in mandamus. First, relator claims respondent's decision to revoke parole is void and an abuse of discretion

where relator was never given adequate notice of the alleged violation against him.  Second, relator claims respondent's decision to revoke parole was based on insufficient evidence.

{¶ 3}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate finds relator's inmate account statement is compliant with R.C. 2969.25(C)(1);[1] however, the magistrate finds relator has the ability to pay filing fees in this matter.[2]    Nevertheless, the magistrate recommends this court grant respondent's motion to dismiss on the grounds of failure to state a claim because he has no clear legal right to a new parole hearing or reinstatement of his prior terms of parole.

## I. Relator's Objection

{¶ 4}    Relator timely filed an objection to the magistrate's recommendation to dismiss.  Relator objects to the magistrate's conclusion that the complaint for mandamus fails to state a claim upon which relief may be granted.  In support, relator argues: (1) the standard for reviewing motions to dismiss for failure to state a claim is governed by Civ.R. 12(C); his motion must be considered on the pleadings alone; and inferences should be construed in his favor that he was not given adequate notice of the allegation of parole violation against him; (2) respondent was required to cite to a specific state statute alleged to be violated; the general allegation that he violated "Parole Rule # 1" to wit: I agree to obey all local, state, and federal laws was insufficient under the due process clause (Relator's brief at 3.); and the lack of notice was structural error; (3) respondent failed to present a preponderance of the evidence that relator engaged in "sexual conduct" as that term is defined pursuant to R.C. 2901.03(A); and (4) respondent interfered with relator's right to counsel at his revocation hearing by failing to provide adequate notice since counsel "could not know" which specific local, state, or federal law relator was alleged to have violated (Relator's brief at 6.); the conduct tried at the revocation hearing, that relator touched a nurse's leg, was more akin to a violation under R.C. 2907.06, sexual imposition, which relator claims requires more than the testimony of the alleged victim pursuant to R.C.

---

[1] Respondent did not object to this finding.
[2] Relator did not object to this finding.

2907.06(B) and his counsel was prevented from using that as an affirmative defense since the notice of alleged violation was insufficient.

{¶ 5} Finally, relator argues respondent's judgment is void and he must be restored to his former parole status.

{¶ 6} We begin by noting the document attached to relator's complaint titled "Notice of Findings of Release Violation Hearing," in section II titled "[s]ummary of evidence used in arriving at findings," states that with regard to Count 2, the allegation involving S.O., a nurse, "the APA failed to provide sufficient corroboration in the Violation Report, Documentary Evidence submitted into the Record, and Verbal Testimony presented during the Hearing for violation of Ohio Parole Rule #1 (count 2)." According to the documentation submitted by relator with his complaint, he was only found to have violated Ohio Parole Rule #1 as alleged in Count 1. Therefore, it is not necessary for us to consider relator's objections with regard to Count 2 and the allegation that he attempted to engage in sexual contact with S.O. without her consent. We need only focus our analysis of appellant's objections on Count 1, the allegation that he attempted to engage in sexual contact with a nurse, T.G., without her consent.

{¶ 7} First, relator argues the magistrate erred in applying the wrong standard for Civ.R. 12(C). Relator is mistaken regarding which Civil Rule applies here. Relator argues that Civ.R. 12(C) applies. However, the magistrate granted the motion to dismiss pursuant to Civ.R. 12(B)(6). Nevertheless, the standards applied in Civ.R. 12(C) and (12)(B)(6), in relevant part, are similar. In *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), the court outlined the general criteria for granting a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) in a mandamus complaint:

> A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Assn. for the Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293. Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment. Civ.R. 12(B); *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384. Even then, only certain forms of evidence may be submitted to support the motion. Civ.R. 56(C).

The standard for reviewing the sufficiency of a mandamus complaint was stated in *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 223-224, 12 O.O.3d 229, 230, 390 N.E.2d 782, 785:

"In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted. *Jenkins v. McKeithen* (1969), 395 U.S. 411, 421 [89 S.Ct. 1843, 1849, 23 L.Ed.2d 404, 416]. [All reasonable inferences must also be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756; *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589.] Then, before the court may dismiss the complaint, '* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *' *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242 [71 O.O.2d 223, 327 N.E.2d 753].

"In order to establish a claim in mandamus, it must be proved that there exists a clear legal duty to act on the part of a public officer or agency, and that the relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St.2d 141 [40 O.O.2d 141, 228 N.E.2d 631], paragraph one of the syllabus. A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted."

Accord *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80-81, 537 N.E.2d 641, 644-645, and *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 96-97, 563 N.E.2d 713, 715-716.

{¶ 8} Generally, under Civ.R. 12(B)(6), a respondent is not permitted to support its motion to dismiss for failure to state a claim by relying on anything outside the complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 96 (1995). Nevertheless, the Supreme Court of Ohio has stated that material incorporated into a complaint may be considered as part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995); *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio

St.3d 247, 249 (1997). Furthermore, recently, in *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, ¶ 10, the Supreme Court also stated "[a] court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint." The Supreme Court further cautioned courts to refrain, at the motion to dismiss stage, from weighing the facts, making inferences against the non-moving party and rejecting a relator's allegations as false. *Id.* at ¶ 11. Finally, the court stated that a Civ.R. 12(B)(6) dismissal based on the merits is unusual and should be granted with caution.

{¶ 9} In this case, the magistrate cited to the correct Civ.R. 12(B)(6) standard of review. (*See* Appended Mag.'s Decision at ¶ 44.) Accordingly, we reject relator's first argument.

{¶ 10} Before analyzing the second and fourth arguments, we observe that in granting the motion pursuant to Civ.R. 12(B)(6), the magistrate relied not only on the complaint but also on documents relator attached to his complaint. The magistrate found the documents attached to relator's complaint included a notice, bearing his signature acknowledging receipt, which clearly described the violative conduct and the parole rule alleged to have been violated. The magistrate found the due process rules which apply to parole hearings were met and that it is apparent from these documents that relator was not deprived of notice in violation of his due process rights. (*See* Appended Mag.'s Decision at ¶ 50.)

{¶ 11} One of the documents attached to relator's complaint states:

> You are alleged to have committed the following violation(s): 09/2017 Conditions RULE 1
>
> RULE 1. I will obey federal, state and local laws and ordinances, including those related to illegal drug use and registration with authorities. I will have no contact with the victim of my current offense(s).
>
> TO WIT: On or about 6/6/2019, in the vicinity of Dayton, OH you engaged or attempted to engage in *sexual contact* with [T.G.] without her consent.
>
> Admit: _____

*Admit with Mitigation:* \_\_\_\_\_DC\_\_\_\_ [the initials DC are handwritten in this space]

Deny:_____

You are alleged to have committed the following violation(s): 09/2017 Conditions RULE 1

RULE 1. I will obey federal, state and local laws and ordinances, including those related to illegal drug use and registration with authorities. I will have no contact with the victim of my current offense(s).

**TO WIT:** On or about 6/6/2019, in the vicinity of Dayton, OH you engaged or attempted to engage in *sexual contact* with [S.O.] without her consent.

Admit: _____

Admit with Mitigation: _____

Deny: \_\_\_\_\_DC\_\_\_\_ [the initials DC are handwritten in this space]

Officer's [sic] Signature: [the signature of Dana Cartwright is signed in this space] Date:   6-14-19

Offender's [sic] Signature: [an illegible signature is signed in this space]  Number: A-299981 Date:  6-14-19

I certify that this notice was hand-delivered to the above on:
Date: 6-14-19 [handwritten in this space]
Time 1:54 pm [handwritten in this space]

Supervisor's Signature:
Jason Perez   [the signature of Jason Perez is signed in this space]   Date: 6/14/2019

(Emphasis added.)

{¶ 12} In his second and fourth arguments, relator addresses his first claim for relief in his complaint for mandamus.  Underlying these arguments is the assertion that he was not able to defend against the alleged violation in Count 1 because the notice did not cite to the specific Ohio Revised Code section which he allegedly violated.

{¶ 13} In his complaint, relator points to *United States v. Havier*, 155 F.3d 1090 (1998), in support of his argument that the notice due to the relator must include the specific state statute alleged to have been violated. In *Havier*, the federal Ninth Circuit Court of Appeals interpreted whether a notice provided pursuant to Fed.R.Crim.P. 32.1, applicable to supervised release revocation, was sufficient to satisfy minimal due process requirements for parole revocation as set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972). The notice alleged a "[v]iolation of standard condition # 1: 'You shall not commit another federal, state, or local crime during the term of supervision.' " *Havier* at 1092. The notice provided certain other details, which the state described as: (1) date, (2) location, and (3) individuals involved in the alleged violation. The notice also referred to two sections of the sentencing guidelines. Finally, the notice stated that "Havier could have been charged with a 'Crime of Violence.' " *Id.* The court noted, however, that during the revocation hearing, the district court judge and counsel appeared to speculate about which Arizona state law violations could have or should have been alleged in the revocation petition. The court found that the notice provided to Havier was not sufficient and that Havier "could not be expected to predict the statute [with which Havier could have been charged]. Nor should he be expected to defend against each and every possible charge." *Id.* at 1093. The court distinguished the notice before it from the notice provided in *United States v. Tham*, 884 F.2d 1262 (1989), which the court had found to be sufficient notice. The *Havier* court observed that in *Tham*, the notice provided information regarding date, location, and individuals involved. The *Havier* court noted the notice in *Tham* was different from that in *Havier* in one important respect: "[t]he charge in that case was itself evident from the condition of probation that the defendant was alleged to have violated – associating with a convicted felon. Combined with this statement of condition violated, the information about the date, location, and individuals involved was sufficient for the defendant to identify the specific offense." *Havier* at 1093. The court concluded:

> Granted, the Supreme Court has emphasized that criminals are not due the "full panoply of rights" in a revocation hearing, unlike in a criminal trial. *Morrissey,* 408 U.S. at 480. But to the extent that the Supreme Court has established written notice of a defendant's violation as a minimum requirement of due process, such notice should be effective. Thus, when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of

> probation being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating.

*Id.* The court also noted in a footnote "[a]s a way to avoid close questions regarding adequate notice in the future, we encourage the Government generally to provide a defendant with notice of the specific statute violated." *Id.* at fn. 3.

{¶ 14} Respondent did not file a memorandum contra relator's objection and did not address *Havier* in its motion to dismiss. However, in its motion to dismiss respondent points to *Barnett v. Ohio Adult Parole Auth.*, 81 Ohio St.3d 385, 387 (1998). In *Barnett*, the Supreme Court stated "[p]arole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed." *Id.*, citing *Zanders v. Anderson*, 74 Ohio St.3d 269, 272 (1996); *Flenoy v. Ohio Adult Parole Auth.*, 56 Ohio St.3d 131, 132 (1990). Respondent informed the court, in its motion to dismiss, that no criminal charges had been filed at the time of the violative conduct, but argues, nevertheless, that factual support for the revocation was not removed just because criminal charges were not filed against relator. Respondent argues the fact that no charges were filed "does not prove that no laws were *disobeyed*." (Emphasis sic.) (Resp.'s Mot. to Dismiss at 6.)

{¶ 15} That respondent may find a violation of parole, even where no charges are filed, does not obviate the requirement of adequate notice of the violation. Ohio Adm.Code 5120:1-1-18(A) states:

> (5) With respect to the hearing, the releasee has the following rights:
>
> (a)The right to receive prior to the hearing a written notice setting forth the date, time and location of the hearing and the *specific* violations the releasee is alleged to have committed.

(Emphasis added.)

{¶ 16} This court is not aware of any precedent addressing what constitutes "specific" in describing the violations a releasee is alleged to have committed pursuant to Ohio Adm.Code 5120:1-1-18(A)(5). Our research has revealed no such precedent, and neither relator nor respondent points us to relevant precedent. Precedent from the federal Ninth Circuit Court of Appeals does not bind this court. Nevertheless, in the absence of any

relevant Ohio state precedent, the reasoning set forth in *Havier* may, in certain cases, be persuasive to the extent it informs what is necessary to determine if written notice of a defendant's alleged parole violation was adequate, as required pursuant to *Morrissey*. *See Rocky River v. Taylor*, 8th Dist. No. 75621 (Feb. 17, 2000) ("However, written notice of the claimed violation generally applies when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of probation being violated." *See Havier* at 1093.). This is not to say, however, that the precedent set in *Havier* applies in every case where the standard alleged to have been violated is the requirement to obey federal, state, and local laws and ordinances. Rather, in such circumstance, a determination as to whether notice was adequate must be made on a case-by-case basis.

{¶ 17} In the case before us, as noted above, the notice provided with regard to Count 1, alleged disobeyance with federal, state, and local laws and ordinances, "TO WIT: On or about 6/6/2019, in the vicinity of Dayton, OH you engaged or attempted to engage in sexual contact with [T.G.] without her consent." Thus, provided with this notice was information regarding: (1) date, (2) location, and (3) individuals involved. But also provided was a reference to "sexual contact" without consent.

{¶ 18} " 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Sexual contact is prohibited under the circumstances outlined in R.C. 2907.05 ("gross sexual imposition" a felony of the third or fourth degree) and R.C. 2907.06 ("sexual imposition" a misdemeanor of the third or first degree).

{¶ 19} Neither R.C. 2907.05 nor 2907.06 was referenced in the notice provided to relator. Nevertheless, the term "sexual contact" was referenced in the notice. Notwithstanding, there does appear to be some confusion on both the part of relator and respondent as they both used the term "sexual conduct"[3] rather than "sexual contact" in

---

[3] " 'Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

their advocacy before this court.  In the motion to dismiss, respondent states relator "ignores [respondent's] documentation that indicates on at least one occasion he attempted to engage in unwanted *sexual conduct*."  (Emphasis added.)  (Resp.'s Mot. to Dismiss at 14.)  In his third and fourth arguments in support of his objection to the magistrate's decision, relator refers to "sexual conduct" rather than "sexual contact."  Even the magistrate uses the term "sexual conduct" in his decision by stating "[i]n addition, the parole board may consider sexual conduct when it revokes parole. Ohio Adm.Code 5120:1-1-18(A)(3) and (4)."  (Appended Mag.'s Decision at ¶ 51.)

{¶ 20}  It is not necessary for us to determine whether the notice was sufficient and met the due process requirements set forth in *Morrissey* because upon receiving notice of the alleged violation in Count 1, relator admitted the same.  Contrary to the magistrate's finding of fact eight, as noted above, with regard to Count 1, one of the documents attached to relator's complaint indicates that when he acknowledged receipt of the notice, relator "admit[ted] with mitigation" that he "engaged or attempted to engage in sexual contact with [T.G.] without her consent."  However, consistent with the magistrate's finding of fact eight, with regard to Count 2, relator denied he "engaged or attempted to engage in sexual contact with [S.O.] without her consent."  Accordingly, on the facts of this case, we reject relator's second and fourth arguments.

{¶ 21}  In his third argument, relator addresses his second claim for relief in his complaint for mandamus.  He argues respondent failed to present a preponderance of the evidence that relator violated the terms of his parole.[4]  In essence, relator argues the magistrate erred in dismissing his complaint in mandamus pursuant to Civ.R. 12(B)(6).

{¶ 22}  In addressing relator's second and fourth arguments related to inadequate notice, we observed above that in acknowledging receipt of the notice of violation, relator "admit[ted] with mitigation" to Count 1.  However, in addressing relator's third argument related to insufficient evidence,  we must also observe that one of the documents attached to relator's complaint, titled "Notice of Findings of Release Violation Hearing," in section II titled "[s]ummary of evidence used in arriving at findings:" states that "[y]ou denied violating Ohio Parole Rule #1 (count 1)."  Because the magistrate recommended dismissing

---

[4] Here, relator argues respondent failed to present a preponderance of the evidence that relator engaged in "sexual conduct."

relator's complaint in mandamus, we do not have before us the administrative record from the parole hearing. Applying the Civ.R. 12(B)(6) standard, we must take the material allegations in the complaint as admitted. The only relevant statement in the complaint, with regard to Count 1, that we could take as admitted is the statement "[r]elator touched a female nurse's leg." (Compl. at 2.) Relator also states, "touching a female's leg has never been deemed a crime in the State of Ohio, there simple [sic] was insufficient evidence upon which Respondents could find probable cause to believe that Relator violated any local, state or federal law." (Compl. at 6.) Taking as admitted that relator touched a female's leg alone, without more from the record, neither we nor the magistrate could find that sexual contact was established nor that gross sexual imposition or sexual imposition was established, even pursuant to the preponderance of the evidence standard. Therefore, construing the complaint as we must, we cannot find it appears beyond doubt that relator can prove no set of facts entitling him to recovery on the second claim in relator's original action that revocation of parole was based on insufficient evidence. Therefore, we do not adopt the magistrate's recommendation to dismiss the complaint at this early stage.

{¶ 23} Accordingly, we sustain relator's objection to the magistrate's decision.

{¶ 24} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection and arguments, we sustain relator's objection as explained herein. We modify the magistrate's decision, including the findings of fact and conclusions of law contained therein, consistent with our decision. Accordingly, we vacate the magistrate's dismissal of this action pursuant to Civ.R. 12(B)(6) and remand this action to the magistrate for further proceedings consistent with law and this decision.

*Objection sustained;*
*dismissal vacated; action remanded to magistrate.*

LUPER SCHUSTER and HESS, JJ., concur.

HESS, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.

LUPER SCHUSTER, J., concurring.

{¶ 25} I agree with the majority's decision to deny respondent's Civ.R. 12(B)(6) motion to dismiss. However, because I would reach that outcome for additional reasons than those expressed by the majority, I write separately.

{¶ 26} As to relator's argument regarding adequate notice, the majority discusses potential considerations that may factor into whether notice was adequate pursuant to Ohio Adm.Code 5120:1-1-18(A)(5). Ultimately, however, the majority concludes it is not necessary to determine whether relator received adequate notice of a specific violation because it was undisputed that relator admitted with mitigation the conduct described in Count 1 of the alleged violations and denied the conduct described in Count 2 of the alleged violations. Though I would agree relator received adequate notice of the pending revocation hearing, I would find that it is premature to determine whether relator received adequate notice of the specific violations he is alleged to have committed. It is simply unclear from the documents in the record whether relator received adequate notice of a specific violation as contemplated by Ohio Adm.Code 5120:1-1-18(A)(5). Therefore, I would deny respondent's Civ.R. 12(B)(6) motion as it relates to adequate notice.

{¶ 27} Nonetheless, I agree with the majority's conclusion that, construing the material allegations in the complaint as admitted, it does not appear beyond doubt that relator can prove no set of facts demonstrating that the revocation of his parole was based on insufficient evidence. Based on the partial documentation relator filed in conjunction with the complaint, it would be premature to conclude that respondent is entitled to dismissal on this claim. Thus, I would sustain relator's objection to the magistrate's decision both as it relates to adequate notice and as it relates to insufficient evidence of a parole violation, and I would deny respondent's Civ.R. 12(B)(6) motion on those grounds. For these reasons, I concur separately.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Dana Cartwright, | : | |
| Relator, | : | |
| v. | : | No.  20AP-62 |
| Ohio Adult Parole Board, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 24, 2020

*Dana Cartwright,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 28} Relator, Dana Cartwright, filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Board, to vacate the results of a previous parole revocation hearing that resulted in revocation of parole for relator and grant him another parole revocation hearing.  In the alternative, relator requests a writ ordering respondent to place relator back on parole under the conditions governing his status prior to revocation.  The matter is before the magistrate on respondent's motion to

dismiss for failure to state a claim and failure to comply with inmate procedural filing requirements under R.C. 2969.25(A) and (C).

Findings of Facts:

{¶ 29} 1. Relator filed his complaint in mandamus with this court on January 31, 2020.

{¶ 30} 2. Relator is an inmate currently incarcerated at the London Correctional Institution in London, Ohio.

{¶ 31} 3. Relator's complaint avers that he was convicted in 1994 of murder after a jury trial in Montgomery county. He received a 15-year-to-life sentence with a 3-year firearm enhancement and an 18-month concurrent sentence for having a weapon while under disability.

{¶ 32} 4. Relator's complaint further avers that he served 25 years before he was granted parole on April 25, 2019, but that on June 7, 2019 his parole officer took him into custody based on reported parole violations.

{¶ 33} 5. The violations were based on incidents in which relator was alleged to have engaged in non-consensual sexual contact with two female nurses at a hospital.

{¶ 34} 6. Relator's complaint further avers that on July 8, 2019 respondent revoked relator's parole on the basis that he had failed to abide by one of the standard conditions of parole ("Ohio Parole Rule 1"), in that he had failed to obey all federal, state, and local laws and ordinances. The revocation was based on one of the two incidents involving nurses, and respondent found by a preponderance of the evidence that relator had touched a female nurse's leg without her consent in the hospital. The appended documents relating to revocation do not indicate whether criminal charges ensued from relator's actions toward the nurses, and relator's complaint asserts that no charges resulted.

{¶ 35} 7. Based on the nurses' allegations, relator's supervising parole officer furnished to relator a notice of violation. A partial copy is attached to relator's complaint, containing the following description:

> On or about 6/6/2019, in the vicinity of Dayton, OH you engaged or attempted to engage in sexual contact with [a hospital nurse] without her consent.

(Victim's name given in original and omitted here pursuant to Tenth District practice in safeguarding the identity of victims of crime.) The notice form provides signature blocks

for the offender to acknowledge receipt ("I have read (been read) and understand the foregoing") and for the supervising parole officer providing the notice. The signatures are both present in the copy provided by relator, although the signers each mistakenly signed in the space provided for the other, so that relator's signature appears in a block titled "Officer's Signature." The form also provides three options for the offender with corresponding initials blocks: "Admit," "Admit with Mitigation," and "Deny." Relator initialed the "Deny" block.

{¶ 36} 8. The Adult Parole Authority produced a violation report considered by respondent. Relator has attached a portion of this report to his complaint, containing the following information:

> V. SUPERVISION ADJUSTMENT:
>
> On 4/25/2019, the offender was released from Pickaway Correctional Institution, having served prison time since 11/19/1994 for a Murder conviction. The offender was released on five (5) years Parole. The offender's initial ORAS Risk level was Low and was supervised at Very High level of Supervision. The offender has the following Parole Board Special Conditions: Five years of supervision; very high supervision level, placement to be approved by the Board; no change of residence without prior approval of the Board; substance abuse screening and programming if indicated; and case plan to be developed will be imposed.
>
> Prior to these alleged violations, the offender was compliant with supervision. The offender had been paroled roughly six (6) weeks, before being arrested by this officer on 6/7/19 for the current violations. No criminal charges were filed in this case. The offender was served with VSP paperwork on 6/14/19 and is currently being held at CRC awaiting his hearing scheduled for 7/8/19.
>
> VI. RECOMMENDATION:
>
> Due to the sexual nature of the violations on [the hospital nurses], the APA is respectfully recommending the offender have his Parole Supervision revoked and serve a term of incarceration.

{¶ 37} 9. Respondent conducted a hearing on July 8, 2019 under conditions that are not described in the documents currently available. Respondent's hearing officer issued

a "Notice of Findings of Release Violation Hearing" on July 8, 2019, a partial copy of which is attached to relator's complaint. This contains the following information:

> I. This is to advise you that you were charged with the following release violation(s) as written in the Notice of Release Violation Hearing Form.
>
> RULE 1 On or about 6/6/2019, in the vicinity of Dayton, OH you engaged or attempted to engage in sexual contact with [hospital nurse 1] without her consent.
>
> RULE 1On or about 6/6/2019, in the vicinity of Dayton, OH you engaged or attempted to engage in sexual contact with [hospital nurse 2] without her consent.
>
> II. Summary of evidence used in arriving at findings:
>
> Your Hearing was held on Monday, July 8, 2019.
>
> You denied violating Ohio Parole Rule #1 (count 1) and Ohio Parole Rule # 1 (count 2). The Ohio Adult Parole Authority (APA) provided sufficient corroboration in the Violation Report, Documentary Evidence submitted into the Record, and Verbal Testimony presented during the Hearing for violation of Ohio Parole rule # 1 (count 1); the APA failed to provide sufficient corroboration in the Violation Report, Documentary Evidence submitted into the Record, and Verbal Testimony presented during the Hearing for violation of Ohio Parole rule # 1 (count 2). Based on the Violation Report, Documentary Evidence submitted into the Record, and Verbal Testimony presented during the Hearing for violation of Ohio Parole rule # 1 (count 1), and the record as a whole you are found Guilty of violating Ohio Parole rule # 1 (count 1) by the preponderance of the Evidence Standard.

(Emphasis sic.)

{¶ 38} 10. Respondent's hearing officer issued a parole revocation order on July 8, 2019, a partial copy of which is attached to relator's complaint:

> Whereas, Dana Cartwright No. A-299981, was serving a sentence of confinement in a state correctional institution operated by the Department of Rehabilitation and Correction and was released on Apr[il] 25, 2019 to the supervision of the Adult Parole Authority. On Jul[y] 8, 2019, a hearing was held pursuant to ORC Section 2967.15, at which it was found that violations of the Conditions of Release had been committed.

The Ohio Parole Board has carefully considered all of the factors and circumstances brought to its attention. NOW, THEREFORE, by virtue of the authority vested in the Adult Parole Authority by law, the release is hereby revoked effective Jul[y] 8, 2019.

The violator is ordered returned as soon as practical to the appropriate state correctional institution.

The Hearing officer recommends to the Parole Board Chair/Designee that the violator serve 24 months of the sentence from the availability date before again becoming eligible for parole release consideration. This recommendation is subject to the approval and/or modification of the Parole Board Chair/Designee. The violator will receive final notification of the time to be served before again becoming eligible for release consideration after return to the state correctional institution. Final notification will be provided to the violator on the DRC form 3313 Sanction Receipt within 45 days of return.

{¶ 39} 11. Attached to relator's complaint is his affidavit of indigency and his statement of inmate account and other assets as required by R.C. 2969.25(C). Relator's complaint does not present separately the statement of prior civil actions required by R.C. 2969.25(A), but his affidavit of indigency does contain an averment that he has filed no such actions. Relator has not paid to the clerk of court the filing fees associated with this action.

Discussion and Conclusions of Law:

{¶ 40} The matter is before the magistrate on respondent's motion to dismiss for failure to state a claim, which incorporates respondent's argument that the complaint must be dismissed for failure to comply with statutory filing requirements imposed on inmates by R.C. 2969.25.

{¶ 41} Regarding relator's potential non-compliance with R.C. 2969.25, respondent first argues that relator has not complied with R.C. 2969.25(C)(1), which requires that an inmate litigant file with his complaint a statement setting forth "the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." Respondent points out that while relator has filed his account statement with his January 31, 2020 complaint, it only covers July through December 2019. Respondent

argues that the statement is inadequate because it does not cover January 2020, the month of filing. The magistrate finds to the contrary that a statement covering the six months preceding the month in which a complaint is filed is compliant with the express language of R.C. 2969.25(C)(1), and the complaint will not be dismissed for non-compliance.

{¶ 42} Respondent next argues that relator's filings indicate that relator has the ability to pay filing fees because he receives regular deposits to his inmate account from outside donors. Relator's affidavit avers to the contrary that he has no funds beyond those needed for purchase of personal hygiene items from the prison commissary. Review of the account statement reveals total outside deposits of $1,179 in the last half of 2019, not including the much smaller sums deposited as state pay for relator's inmate employment. The account contains numerous large (by inmate standards) commissary purchases during this period. The magistrate agrees with respondent that relator has the ability to pay filing fees in this matter, and if the action were to go forward the court would instruct the clerk to dismiss if filing fees were not forthcoming.

{¶ 43} Turning to the question of whether the complaint states a claim for which relief can be granted, the magistrate finds that it does not and must be dismissed.

{¶ 44} Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint on its face, and, in appropriate cases, the effect and sufficiency of any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). The court may, therefore, only consider the complaint itself and any written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). For the court to grant the motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to a writ of mandamus. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 45} For this court to issue a writ of mandamus as a remedy addressing the actions of respondent, relator must establish by clear and convincing evidence that he has a clear legal right to the relief sought, that respondent has a clear legal duty to provide such relief, and that relator lacks an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 46} Respondent has broad discretion to impose conditions of release and imposed-release sanctions, which are designed to protect the public and promote successful reintegration into the community. R.C. 2967.03; Ohio Adm.Code 5120:1-1-17(A) and (B); *State ex rel. Henderson v. Oho Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268 (1998). This discretion operates in parallel with the principle that there is no constitutional right to conditional release before the expiration of a valid sentence. *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 125 (1994), citing *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1 (1979); *see also Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 8. Relator does not question here the validity of his original sentence.

{¶ 47} Relator argues that he was not afforded due process because he did not receive clear notice of the purported violations that formed the basis for the revocation of his parole, and also that there was insufficient evidence upon which respondent could have concluded that relator violated his conditions of parole.

{¶ 48} Parole revocation proceedings and trial proceedings are distinct, and a parolee is not entitled to the same level of due process protection as a trial defendant. *See*, *e.g.*, *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 16 (1991) ("The Parole Board may admit hearsay."); *Barnett v. Ohio Adult Parole Auth.*, 81 Ohio St.3d 385, 387 (1998) ("Parole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed."); *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82 (1996), paragraph two of the syllabus ("Evidence obtained through an unreasonable or unlawful search and seizure is generally admissible in probation and/or parole revocation proceedings."); *Wilson v. State*, 101 Ohio App.3d 487, 491 (1995) (no Eighth Amendment right to bail pending a parole revocation hearing); *Wilkins v. Wilkinson*, 157 Ohio App.3d 209, 2004-Ohio-2530 (10th Dist.)

{¶ 49} Although a parolee contesting revocation does not have the same due process rights as does a trial defendant, the United States Supreme Court has established a minimum due process threshold for such proceedings. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that a parolee is entitled to certain due process protections at a parole revocation hearing. *Id.* at 488-490. These include written notice of the claimed violations of parole, disclosure to the parolee of evidence against him, an opportunity to be heard in person before a neutral and detached hearing body, the right to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses under most conditions, and in conclusion a written statement by the factfinder relating the evidence relied on and reasons for revoking parole. *Wilkins* at ¶ 14, citing *Morrisey*.

{¶ 50} With respect to the purported lack of notice, relator has attached to his complaint a copy of the formal notice apprising of the identified violations, i.e., that he had failed to obey all federal, state, and local laws and ordinances, and the conduct that constituted that violation. That notice bears his signature acknowledging receipt. While relator asserts that respondent owed him notice of the specific federal, state, and local laws and ordinances with which he failed to comply, the looser due process rules governing revocation hearings differentiate this from the strict rules governing the framing of indictments. The violative conduct is clearly described, as is the parole rule in question. Considering the complaint and attachments, as the court may under Civ.R. 12(B)(6), it is apparent that relator was not deprived of notice in violation of his due process rights and the complaint does not on its face support a claim in mandamus.

{¶ 51} With respect to the weight of the evidence, the rules of the evidence do not apply in parole revocation hearings. *Coulverson*, supra; *State v. McDargh*, 2d Dist. No. 2015-CA-27, 2016-Ohio-1132. The complete record of proceedings is not included with relator's complaint, but the partial documents furnished are, of themselves, sufficient to indicate that respondent did consider the credibility of witnesses and relied on that evidence to revoke parole under the preponderance of the evidence standard. *See e.g., State ex rel. Jackson v. Wilkinson,* 10th Dist. Franklin No. 94APD12-1789, 1995 Ohio App. LEXIS 2577 (June 20, 1995). In addition, the parole board may consider sexual conduct when it revokes parole. Ohio Adm.Code 5120:1-1-18(A)(3) and (4).

{¶ 52} In sum, when considering the complaint and attached documents, relator has failed to state a claim in mandamus because he has no clear legal right to a new parole hearing or reinstatement of his prior terms of parole. Because relator's complaint does not on its face establish a clear right to parole or a new parole hearing or a duty by respondent to grant a new hearing or reinstate parole, the magistrate grants respondent's motion to dismiss and thereby denies the writ of mandamus.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).