[Cite as *State ex rel. Bellville v. Washington Twp.*, 2025-Ohio-410.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE EX REL. VILLAGE OF BELLVILLE | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
|  | : | Hon. Andrew J. King, J. |
| Relator-Appellant | : |  |
|  | : |  |
| -vs- | : | Case No. 2024 CA 30 |
|  | : |  |
| WASHINGTON TOWNSHIP, ET AL | : |  |
|  | : | <u>OPINION</u> |
| Respondents-Appellees | | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 2024 CV 0114 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 6, 2025 |

APPEARANCES:

For Relator-Appellant

LUTHER L. LIGGETT, JR.
5053 Grassland Drive
Dublin, OH 43016

For Respondents-Appellees

BRANDON L. ABSHIER
REMINGER CO., LPA
200 Civic Center Drive, Ste. 800
Columbus, OH 43215

*Gwin, P.J.*

**{¶1}** Relator-Appellant, State ex rel. Village of Bellville, appeals the June 4, 2024 judgment entry of the Court of Common Pleas of Richland County, Ohio, denying its request for a writ of mandamus. Respondents-Appellees are Washington Township and Washington Township Board of Trustees. We affirm the trial court.

*FACTS AND PROCEDURAL HISTORY*

**{¶2}** The Village of Bellville is located both in Washington and Jefferson Townships. Both townships maintain fire departments and each fire department provides services to the respective Bellville properties located within their townships. The Bellville residents pay taxes for fire protection to their respective township.

**{¶3}** In 1995, Bellville sought to annex a commercial area of Washington Township. Washington Township opposed the annexation, but the parties reached an agreement. On November 20, 1995, Bellville and the Washington Township Trustees entered into a Fire Protection Contract wherein Washington Township would provide fire protection services to the annexed area in consideration of Bellville paying to the township a portion of Bellville's bed tax collected from the annexed area, all the real and personal property tax revenues collected from the annexed area, and a portion of real and personal property tax collected from new construction in the annexed area for ten years. The contract provided it "shall be from year to year and shall be renewed annually and shall be terminated only upon the occurrence of one of the following circumstances": 1) Bellville becoming a city under Ohio law; 2) Washington Township's refusal to provide fire protection services; and 3) upon joint agreement of the parties.

**{¶4}** In 2011, Bellville stopped making payments to Washington Township under the Fire Protection Contract. The trustees filed a declaratory judgment action and breach of contract claim against Bellville; the Court of Common Pleas of Richland County, Ohio issued an order, finding the Fire Protection Contract was valid and enforceable and was binding until one of the three listed events occurred [*Board of Trustees of Washington Township v. Village of Bellville,* OH, Richland C.P. No. 10 CV 974 (Nov. 2, 2011)]. The trial judge found prior to the annexation, Washington Township was providing fire protection services to the annexed area and was receiving the bed tax and the real and personal property taxes from the area; Washington Township had opposed the annexation so in order to resolve the dispute, the parties reached an agreement and entered into the Fire Protection Contract. The trial judge found the contract was not against public policy. No appeal was taken from the trial court's judgement entry.

**{¶5}** On March 5, 2024, Bellville filed a verified petition original action in mandamus claiming by paying both property taxes and the village fire contract taxes, Bellville residents in the annexed area were paying twice for the same fire protection services. Bellville sought to have continued fire services without any additional payments required under the Fire Protection Contract. Bellville argued several theories: legislative entrenchment, unconstitutional debt, unconstitutional tax, no contract consideration, and equity. Bellville attached the 2011 Order to its complaint as Exhibit C.

**{¶6}** On March 29, 2024, appellees filed a motion to dismiss, claiming Bellville had an adequate remedy at law - an appeal of the 2011 order. Appellees also claimed res judicata and Bellville's arguments lacked merit. Bellville filed a memo contra on April 1, 2024, arguing they were raising new facts and claims distinct from the 2011 order. By

judgment entry filed June 4, 2024, the trial judge denied the writ, finding res judicata applied and further, Bellville did not lack an adequate remedy at law, appellees did not have a legal duty to perform the requested relief, and Bellville was not entitled to relief in the matter.

*Assignments of Error*

{¶7} Bellville raises five assignments of error,

{¶8} " I. THE FIRE PROTECTION CONTRACT IS VOID AB INITIO AS REQUIRING PAYMENT IN PERPETUITY WITHOUT A VOTE OF THE VILLAGE OF BELLVILLE'S DULY ELECTED LEGISLATIVE AUTHORITY, THUS CONSTITUTING 'LEGISLATIVE ENTRENCHMENT'."

{¶9} "II. THE FIRE PROTECTION CONTRACT IS VOID AB INITIO AS WITHOUT A PROPER APPROPRIATION BY THE VILLAGE COUNCIL, VIOLATING THE DEBT LIMITATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 22."

{¶10} "III. THE FIRE PROTECTION CONTRACT CONSTITUTES AN UNCONSTITUTIONAL TAX IN ADDITION TO THE PROPERTY TAXES PAID EQUALLY BY ALL PROPERTY OWNERS TO WASHINGTON TOWNSHIP FOR THE SAME FIRE PROTECTION, IN VIOLATION OF THE OHIO CONSTITUTION, ARTICLE XXI, SECTION 2."

{¶11} "IV. THE FIRE PROTECTION CONTRACT FAILS FOR LACK OF CONSIDERATION."

{¶12} "V. THE VILLAGE OF BELLVILLE'S CHALLENGE TO THE FIRE PROTECTION CONTRACT IS NOT RES JUDICATA."

**Standard of Review - Mandamus**

**{¶13}** Bellville challenges the trial court's denial of its request for a writ of mandamus.[1] For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and the relator must have no plain and adequate remedy in the ordinary course of the law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). Mandamus is an extraordinary writ and will not be issued unless the relator can establish a clear legal right to the writ. *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343 (1940), paragraph one of the syllabus.

V.

**{¶14}** Because we find Appellant's Fifth Assignment of Error to be dispositive we shall address that error.

**{¶15}** A writ of mandamus is an extraordinary legal remedy granted only in those cases where relief cannot otherwise be obtained. *State ex rel. Stanley v. Cook*, 146 Ohio St. 348(1946) (citations omitted) *State ex rel. Cottrill-Craig v. Ross Cnty. Gen. Health Dist.*, 2022-Ohio-2193(4th Dist.)(citations omitted). Significantly, mandamus may not be used as a substitute for an appeal. *State ex rel. Steinle v. Dewey*, 2016-Ohio-5549, ¶10; *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 30, 451 N.E.2d 225 (1983) (petitions for mandamus and prohibition cannot be used as substitutes for an appeal to contest

---

[1] We note Bellville had filed an identical verified complaint original action in mandamus against the same respondents with the Supreme Court of Ohio on September 28, 2023 (Case No. 2023-1230). On February 2, 2024, the Court granted respondents' motion to dismiss and dismissed the cause. *State ex rel. Bellville v. Washington Township*, 2024-Ohio-597. Bellville stated the "Supreme Court merely declined discretionary jurisdiction, without reaching any merits." April 1, 2024 Relator's Memo Contra at 5. In fact, the Supreme Court of Ohio's decision specifically granted respondents' motion to dismiss and titled it as a merit decision without opinion. The arguments made in that motion to dismiss are included in the motion to dismiss in this case.

allegedly improper assignment of judge); *State ex rel. Black v. Forchione*, 2015-Ohio-4336, ¶ 4.

**{¶16}** It is axiomatic that "if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634(1999).

**{¶17}** Bellville raised the arguments that the contract is ambiguous; the contract is indefinite or perpetual; the contract is against public policy; and the contract is invalid and unenforceable in the original action in the lower court twelve years ago, and the record contains no evidence of bad faith acts by the parties. Further, Bellville also had the opportunity to raise the arguments they seek to raise in the mandamus action in the previous case.

**{¶18}** The only change pointed to by Bellville is that newly elected Village officials do not like the contract entered by their predecessors. Bellville agreed to the conditions of the contract so that it could annex a portion of Washington Township. To avoid litigation the parties agreed to the annexation if Washington Township would provide fire protection to the area, and that Bellville would pay for that protection from the collection of bed taxes within the annexed area. Now, Bellville wants to avoid its obligation to pay for the fire protection.

**{¶19}** The legislature has acknowledged the validity of annexation agreements. *See*, *e.g.* R.C. 709.192. It has further noted that such agreements may be entered into "for any period of time…" Id. They may also contain provisions for the provision of services

and the payment of service fees. Id. The legislature has given the parties the power to enter into the contract executed in this case. R.C. 709.19(F)(2).

**{¶20}** The basic principle, was enunciated in the leading case of *Plant Food Company v. City of Charlotte,* 214 N.C. 518.

**{¶21}** Plant Food had contracted with the city to remove sewage sludge from city drying beds, paying the city according to a schedule set out in the contract. The contract extended for ten years, with an option for either party to extend the contract another ten years. But within a year or two of the contract's execution, a new governing board took over in the city and sought to negate the contract. When Plant Food sued the city for breach of contract, the city argued that the previous board had no power to enter into a contract that bound the current one.

**{¶22}** The rule, as developed by the courts of many states, was that a city may enter into a contract that binds future boards if the subject of the contract is a proprietary activity of government.  If, however, the subject is a governmental activity, such a contract is beyond the power of the local government and therefore void. The city pointed out that sewer services had been held to be a governmental activity in the context of local government immunity from tort liability, and it argued that therefore this contract involved a governmental activity and could not bind a later board. The trial court agreed.

**{¶23}** On appeal, the North Carolina Supreme Court accepted the dichotomy between proprietary and governmental activities, but noted the true test is whether the contract itself deprives a governing body, or its successor, of a discretion which public policy demands should be left unimpaired. By way of example, the Court noted,

Amongst the powers generally conceded to be accompanied by such governmental discretion, and which cannot be suspended or controlled by contract are usually classed the legislative powers of the governing body,– the power to make ordinances and decide upon public questions of a purely governmental character (and under this head must be classed most of the strictly governmental discretionary powers, since the body acts as a whole and usually by ordinance or resolution); the power to lay out and maintain streets; to build bridges and viaducts over which they lead, preserve civil order, to regulate rates, (where power to do so is given in the charter); to levy taxes, make assessments, and the like.

199 S.E. at 713. *See,* Lawerence, *Contracts That Bind the Discretion of Governing Boards,* 1990 Popular Government 38.

**{¶24}** In the case at bar, the parties entered into the Fire Protection Contract as part of the agreement in exchange for Bellville annexing a portion of Washington Township. Had the agreement not been entered, Bellville would have to go through the annexation procedure and be successful. The Fire Provision Contract does not deprive a governing body, or its successor, of a discretion which public policy demands should be left unimpaired. It is simply a basic commercial agreement. The only way out is through the manner set forth in the contract or a breach of contract.

*Res judicata*

**{¶25}** In the previous action, the trial judge found the contract is not vague nor indefinite, and not against public policy. The mandamus action is nothing more than a

collateral attack on a final, appealable order determining the issues, when Bellville failed to pursue a direct appeal or other available remedies to challenge the court's judgment.

**{¶26}** Where there was a plain and adequate remedy in the ordinary course of the law which the relator either resorted to and lost or neglected to take timely advantage of, a peremptory writ of mandamus will not issue. *State ex rel. Stanley v. Cook*, 146 Ohio St. 348 (1946), syllabus at ¶5, *approving and following State ex rel. Bassichis v. Zangerle, Aud.*, 126 Ohio St. 118 (1933).

**{¶27}** Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." *Hughes v. Calabrese*, 2002-Ohio-2217, ¶ 12; *Grava v. Parkman Township*, 73 Ohio St. 3d 379, 381(1995). The case from Richland County involved the same parties and the same issues. Relator cannot relitigate these issues that were decided 12 years ago. While exceptions to res judicata may apply in some extraordinary situations, courts generally will not find an exception to the doctrine when the parties had a full and fair opportunity to be heard on an issue, the trial court issued a final, appealable order determining that issue, the parties failed to pursue a direct appeal or other available remedies to challenge that court's order, and the record contains no evidence of bad-faith acts by the parties. *Aaron v. Supreme Court of Ohio*, 2024-Ohio-5616, ¶19. (citations and quotation marks omitted).

*Adequate remedy at law*

**{¶28}** We further note, Bellville filed an identical verified complaint and original action in mandamus against the same respondents with the Supreme Court of Ohio on September 28, 2023 (Case No. 2023-1230). Washington Township filed a motion to dismiss on November 15, 2023, raising among other arguments that the complaint should

be dismissed because Bellville had an adequate remedy at law, and was barred by res judicata. Bellville filed a response to the motion to dismiss on November 16, 2023. On February 21, 2024, a unanimous Supreme Court ruled,

> In Mandamus. On respondents' motion to dismiss. Motion granted. Cause dismissed.

*State ex rel. Bellville v. Washington Twp.,* 2024-Ohio-597(Table).

**{¶29}** "It is firmly established that the writ of mandamus will not issue '* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' " *State, ex rel Berger* v. *McMonagle*, 6 Ohio St.3d 28, 30 (1983), *quoting State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966) *See, State ex rel. Cartwright v. Ohio Adult Parole Bd.*, 2021-Ohio-923, ¶ 7 (10th Dist.), *citing State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548(1992). *See also State ex rel. Washington v. D'Apolito*, 2018-Ohio-5135, ¶ 7, *quoting State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995) (stating that "'a claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits' and that 'a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution' ").

**{¶30}** The Ohio Supreme Court has affirmed dismissals pursuant to Civ.R. 12(B)(6) based upon the existence of an adequate remedy at law. *State ex rel. Sobczak v. Skow*, 49 Ohio St.3d 13, 14(1990); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 63(1973), paragraph three of the syllabus.

{¶31}  We concur with the trial court that Bellville did not meet the requirements listed for the issuance of a writ, i.e. Bellville cannot establish a clear legal right for a writ. This case involves a dispute over a contract between two public parties.

{¶32}  Upon review, we find the trial judge did not err in denying Bellville's request for a writ of mandamus.

{¶33}  Bellville's First, Second, Third, Fourth and Fifth Assignments of Error are denied.

{¶34}  The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J., and

Wise, J., concur;

King, J.